United States District Court
Southern District of Texas

**ENTERED**

January 24, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KATHRYN SARTOR and DANIEL SARTOR, § | |
| § | |
| *Plaintiffs,* § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-2935 |
| § | |
| THIRD COAST INSURANCE COMPANY § | |
| and AK SERVICES, INSURANCE & TAXES, § | |
| LLC, § | |
| § | |
| *Defendants.* § | |

## ORDER

Pending before this Court is Kathryn Sartor and Daniel Sartor's ("Plaintiffs") Motion for Relief from Judgment Pursuant to Rule 60 and Motion for Rehearing of Motion to Dismiss AK Services Insurance & Taxes without Prejudice. (Doc. No. 13). Third Coast Insurance Company ("Third Coast") responded in opposition. (Doc. No. 14). Plaintiffs did not file a reply. Having considered the motion and the relevant pleadings, the Court **DENIES** the motion. (Doc. No. 13).

### I.    Factual Background

This case arises out of a home repair gone awry. Plaintiffs allege that they hired Correa Construction, a non-party to the present suit, to "restore and remodel their historic home on their property" in Austin County. (Doc. No. 1-4 at 2) (Pls.' Original Pet.). Correa Construction was insured by Third Coast, and AK Services, Insurance & Taxes, LLC ("AK Services"), a licensed insurance agent for Third Coast, issued a Certificate of Insurance to Correa construction, who in turn, presented it to Plaintiffs, certifying that Correa Construction had liability insurance. (*Id.* at 2–3). At the top of the Certificate was the following disclaimer:

THE CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND,

EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES
BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A
CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED
REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

(*Id.* at 7). Plaintiffs contend that they relied on the Certificate in hiring Correa Construction. (*Id.*
at 5).

That construction, however, was allegedly "done in a negligent manner," causing Plaintiffs
to suffer damages to repair and correct the allegedly-negligent work. (*Id.* at 2). Consequently,
Plaintiffs sued Correa Construction on September 16, 2002, in Austin County District Court. (*Id.*
at 4). Though the timeline is unclear, sometime "[p]rior to the judgment being rendered" in that
case, Plaintiffs notified Third Coast of the claim, and Third Coast sent out an adjuster to appraise
the damage. (*Id.*). The adjuster, however, furnished a report on December 20, 2022, disclaiming
coverage because the policy, which expired on October 13, 2022, was a "claims made policy"—
i.e., the claims must be made during the policy period. The adjuster also stated that the policy does
not cover a property with that is 5,000 square feet or more. (*Id.*). The record does not suggest
whether, besides filing the suit against Correa Construction, any claim was made directly to Third
Coast.

Eventually, Plaintiffs obtained a final default judgment against Correa Construction in
excess of $542,000. (*Id.* at 4). They allege that "no part of the judgment has been paid." (*Id.*). Thus,
they brought this suit in state court against Third Coast and AK Services (collectively,
"Defendants") to recover the amount of the judgment in the underlying case against Correa
Construction "as well as attorney[s'] fees and costs of court in this and in the previous case." (*Id.*
at 5).

Though less than clear, Plaintiffs' theories of recovery seem to be threefold: (1) Plaintiffs
were third-party beneficiaries of the policy issued to Correa Construction; (2) they relied to their

2

detriment on the Certificate of Insurance issued by AK Services; and (3) they are assignees of the claims of Defendants' insured, Correa Construction. (*Id.* at 4–6).

## II.    Procedural Background

Third Coast timely removed the case to this Court. (Doc. No. 1). In its Notice of Removal, it argued that the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between it and Plaintiffs because it is a Wisconsin corporation with a principal place of business there, while Plaintiffs are Texas citizens. (Doc. No. 1 at 2). It contended that this Court should disregard the fact that AK Services is a Texas citizen because it had been improperly/fraudulently joined. (Doc. No. 1 at 3–6).

Shortly after removal, Third Coast moved for summary judgment, arguing that Correa Construction's insurance policy contains an exclusion for work performed at historic buildings. (Doc. No. 6). Plaintiffs did not respond. The Court ultimately granted the motion. (Doc. No. 11).

A motion to dismiss AK Services was also filed. It argued that the joinder of AK Services was improper because there is "no possibility of recovery by the plaintiff against" it. (Doc. No. 9 at 3–4). Specifically, the motion contended that, because the certificate of insurance was furnished for information only, with the understanding that the original underlying policy governs, "plaintiffs cannot argue they justified relied on the certificate of insurance for purposes of coverage" to recover under their misrepresentation claim. (*Id.* at 4). Plaintiff did not respond. The Court granted the motion. (Doc. No. 10). Having granted summary judgment in favor of Third Coast and having dismissed AK Services, the Court then entered a take-nothing final judgment against Plaintiffs. (Doc. No. 12).

Now, Plaintiffs move this Court to set aside the Court's summary-judgment order, dismissal order, and the final judgment and to restore the case on the docket. (Doc. No. 13 at 1). They argue

that "due to some unknown problem with the Pacer [sic] System, the filings by Defendant Third

Coast on October 25th and 27th, 2023[, the motions for summary judgment and to dismiss,] were

never sent to Plaintiffs' counsel." (Doc. No. 13 at 1). As such, they seek to reopen the judgment

under Rules 60(b)(6) and 60(d)(2) of the Federal Rules of Civil Procedure. (*Id.*). Plaintiffs also

contend that this Court has no jurisdiction, and thus, once the case is reinstated, they will move to

remand it back to the Austin County District Court. (Doc. No. 13 at 2, 7).

### III.    Analysis

Plaintiffs seek relief under Rules 60(b)(6) and 60(d)(2). To begin, the text of Rule 60(d)(2)

makes clear that it does not apply in this case. Rule 60(d)(2) reads: "This rule [allowing relief from

a judgment or order] does not limit a court's power to: (2) grant relief under 28 U.S.C. § 1655 to

a *defendant* who was not personally notified of the action." FED. R. CIV. P. 60(d)(2) (emphasis

added). To state the obvious, Plaintiffs are not defendants, and Defendants have not asserted any

counterclaims that would make Plaintiffs counterclaim-defendants. Moreover, the text also makes

clear that the rule itself is not the source of the Court's power to grant such relief, but 28 U.S.C. §

1655. Thus, Plaintiffs' motion to set aside the judgment under Rule 60(d)(2) is denied. That leaves

Rule 60(b)(6) as the sole ground for their relief sought.

Rule 60(b)(6) authorizes a court to "relieve a party . . . from a final judgment, order, or

proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The Fifth Circuit

has held that Rule 60(b)'s "six categories of relief are 'mutually exclusive from' one another," and

thus, "an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have

been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797

F.3d 315, 319 (5th Cir. 2015); *see also* FED. R. CIV. P. 60(b)(1)–(5) (listing the five, more specific

grounds for relief).

4

To be successful, a Rule 60(b)(6) motion must "show extraordinary circumstances justifying the reopening of a final judgment." *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors," including "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017).

Plaintiffs are not entitled to relief under Rule 60(b)(6) for three reasons. First, another subsection of Rule 60(b) provides the proper avenue of relief here, namely, Rule 60(b)(1), which authorizes relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). *See also Su v. Wilmington Tr., Nat'l Assoc.*, 839 F. App'x 884, 887 (5th Cir. 2021) (citing *In re Houston Oil Tr. Sec. Litig. MDL-625*, No. 92-2498, 1993 WL 117764, at *2–3 (5th Cir. Mar. 22, 1993) (per curiam) for the proposition that receiving no notice of and the subsequent failure to respond to a dispositive motion warrant relief under Rule 60(b)(1)). Since Rule 60(b)'s categories of relief are mutually exclusive, *Fernandez*, 797 F.3d at 319, and receiving no notice of a motion and, thus, failing to respond to it warrant relief under Rule 60(b)(1), *Su*, 839 F. App'x at 887, Rule 60(b)(6) cannot serve as the proper avenue of relief here.

Second, Plaintiffs do not submit any evidence—not even their counsel's own affidavit—that they did not receive notice of Defendants' motions, this Court's orders, and the final judgment. Moreover, from the Court's end, the ECF shows that the motions, orders, and the final judgment were electronically mailed to george_bishop@sbcglobal.net, the email address that matches the one provided on Plaintiffs' counsel's signature block, *see* (Doc. No. 1-4 at 6).

Third, even assuming Rule 60(b)(6) was the proper vehicle and Plaintiffs showed sufficient proof of the alleged no service, Plaintiffs have not shown that they are likely to succeed on the

merits if the Court reopens the judgment. As such, reopening the judgment would not only prejudice Defendants by forcing them to defend the suit again just to reach the same result, but also undermine the finality of judgments—and thus, the public's confidence in the judicial process—with no benefit. Since Plaintiffs challenge the Court's rulings on Third Coast's Motion to Dismiss and Motion for Summary Judgment, (Doc. Nos. 9 and 10), and these Orders form the basis for the final judgment, (Doc. No. 12), the Court takes each in turn to explain how Plaintiffs have not mounted a meritorious defense to those motions.

### *Motion to Dismiss*

The motion to dismiss AK Services contends that AK services should be dismissed because it was improperly joined. (Doc. No. 9 at 3). Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). Only the latter is at issue here. The relevant test, therefore, is whether "there is no possibility of recovery by the plaintiff against an in-state defendant or no reasonable basis for predicting recovery against an in-state defendant." *Id.* at 1047 (internal quotes and modifications omitted). To determine whether there is no possibility of or reasonable basis for predicting recovery, a district court conducts a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

The first step in this analysis is determining what causes of action Plaintiffs bring against AK Services—a contentious issue in this case. Defendants argue that the only cause of action asserted is for misrepresentation. (Doc. No. 9 at 3) (citing (Doc. No. 1-4 at 4)) ("To date, Plaintiffs have not specified a cause of action against AK [Services]. However, Plaintiffs allege that they

'relied to their detriment on the certificate of liability insurance issued by AK [Services],' suggesting that they are suing under a theory of misrepresentation."). Conversely, Plaintiffs argue that they pleaded a cause of action under the Texas Insurance Code by "refer[ring] to the Texas Insurance Code on page 1 and 3" of the Original Petition and that a "more comprehensive amended petition would have been filed after discovery as allowed by the Texas Rules of Civil Procedure." (Doc. No. 13 at 3).

To be sure, pages one and three of the Original Petition mention the Texas Insurance Code, but they fall short of asserting a cause of action against AK Services. Page one of the Original Petition reads, "Plaintiffs request that the Texas Insurance Code *as applicable in this case* be liberally construed in accordance with Tex. Ins. Code section 542.054." (Doc. No. 1-4 at 2) (emphasis added). A liberal construction of Texas Insurance Code is indeed what § 542.054 requires, but that does not answer *which sections* of that Code are "applicable in this case." That is, urging for a liberal construction of a statute does not necessarily assert a claim under that statute.

Moreover, on page three, Plaintiffs, while citing to a more specific section of the Texas Insurance Code that may possibly be the basis of a cause of action, fail to direct its allegations against AK Services, but rather, levy allegations solely against Third Coast. Plaintiffs allege that the adjuster—sent out by Third Coast, not AK Services—concluded that the insurance policy does not cover property with 5,000 square feet or more. (*Id.* at 4). This representation, Plaintiffs allege, "was an untrue statement of fact in violation of Tex. Ins. Code section 541.061(1)." (*Id.*). That may be; but, again, that alleges a claim against Third Coast, not AK Services. While an insurance agent's "actual or apparent authority to perform a task can create vicarious liability" for the insurer, *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002), Plaintiffs do not cite to any authority that holds that the principal's actions or omissions can impose *downward* vicarious

7

liability against the agent. Thus, both pages one and three fail to plead a claim against AK Services under the Texas Insurance Code.

Plaintiffs' contention that they would have amended the Petition after discovery, as permitted by the Texas Rules of Civil Procedure, is also unavailing. Not only do the Texas Rules not govern here, but Plaintiffs have also failed to seek leave to amend their Petition under the rules that do govern—the Federal Rules. As such, while Plaintiffs lodge several new causes of action against AK Services in their Motion for Relief from Judgment, (Doc. No. 13 at 3), the Court finds these to be improperly pleaded and, thus, not properly before it. The Court examines the pleadings as they are, not what they could have been.

Having concluded that Plaintiffs have only pleaded a misrepresentation claim against AK Services, the Court conducts a Rule 12(b)(6)-type analysis. Plaintiffs do not specify which species of misrepresentation they allege, but instead, generally plead that they "relied to their detriment on the representations on the Certificate of Liability Insurance presented by Carlos Carrea [sic]. The Plaintiffs would never have hired the insureds . . . without the representations contained in" the Certificate. (Doc. No. 1-4 at 5). In their Motion for Relief from Judgment, they clarify only on which representation they relied: "The fact that a historic home was excluded from coverage was not disclosed on the Certificate of Insurance." (Doc. No. 13 at 4). Nevertheless, fraud, fraudulent concealment, and negligent misrepresentation "all share the common element of reliance," *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997), which Plaintiffs cannot satisfy.

Even assuming that Plaintiffs have pleaded with the level of particularity that Rule 9(b) requires, *see* FED. R. CIV. P. 9(b), their misrepresentation claim against AK Services fails because they could not have reasonably relied on the Certificate of Insurance, *see TIG Ins. Co. v. Sedgwick James of Wash.*, 184 F. Supp. 2d 591, 603–04 (S.D. Tex. 2001) (Atlas, J.), *aff'd*, 276 F.3d 754 (5th

8

Cir. 2002). In *TIG*, Safe Lights, the plaintiff and a commercial entity, required all of its vendors to add it as an additional insured on their general and auto liability insurance policies to remain as a vendor. *Id.* at 594. The insurance agent of one of the vendors, in turn, issued a certificate of insurance directly to Safe Lights, mistakenly listing it as an additional insured when it was not. *Id.* at 595. Notably, the Certificate of Insurance contained a near-identical disclaimer as the one in this case. *Id.* When one of the vendor's employees was injured on Safe Lights' premises, a lawsuit ensued. *Id.* Safe Lights requested from the vendor's insurer a defense and indemnification for the lawsuit. *Id.* The requests were denied because Safe Lights was not an additional insured. *Id.* Consequently, Safe Lights sued the insurance company and the insurance agent for, *inter alia,* negligent and fraudulent misrepresentation. *Id.*

The court there held that the plaintiff has not shown that they "reasonably relied upon the representation of additional insured status on the certificate of insurance." *Id.* at 603. Indeed, "Safety Lights, the holder of a certificate of insurance, was warned it was not entitled to rely on the certificate itself for coverage. The certificate stated to the holder that the certificate did not provide coverage." *Id.* at 604. The court further explained that had the plaintiff "taken the reasonable step of obtaining a copy of" the insurance policy, it "would have learned there was no additional insured coverage in the policy at all." *Id.* In other words, notwithstanding the affirmative representation that the plaintiff was an additional insured, the disclaimer meant the plaintiff could not justifiably rely on that representation.

The Court finds the same result would apply here. First, the Certificate of Insurance here contained a nearly-identical disclaimer language, (Doc. No. 1-4 at 7), putting Plaintiffs on notice that they were "not entitled to rely on the certificate itself for coverage," *id.* Indeed, if Plaintiffs had taken the "reasonable step" of obtaining a copy of the insurance policy, it would have learned

of the policy exceptions and exclusions. Second, the Certificate contained no explicit representation that the policy lacks any exclusions. If the disclaimer in *TIG* could shield the insurance agent for even an explicit misrepresentation, the near-identical disclaimer here surely shields AK Services from a no representation. Therefore, Plaintiffs could not maintain a cause of action against AK Services, and the Court finds that its prior conclusion that the joinder of AK Services was improper and its previous Order dismissing AK Services from the suit was proper.

<u>Motion for Summary Judgment</u>

Since Plaintiffs' present Motion primarily[1] challenges the dismissal of AK Services, and, consequently, the Court's jurisdiction, the Court's holding that AK Services was properly dismissed would suffice to rule on the present motion. Nevertheless, the Court briefly explains why its grant of Third Coast' Motion for Summary Judgment was proper.

Third Coast's uncontroverted summary-judgment evidence showed that Plaintiffs' residence in question fell within the "historic buildings" exception. The exception reads:

> **2. Exclusions**
> This insurance does not apply to:
>
> . . .
>
> au. **Museums and Historic Buildings and Structures**
> Any "claim" or "suit" for "bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to, or in any way related to, in whole or in part, by work performed by an insured or on behalf of an insured at any historic building or museum.
>
> For purposes of this exclusion, the following definitions shall apply:
> 1. "Historic Building" shall be defined as any building, structure, or property, collection of structures, and their associated sites, deemed of importance to the history, architecture, or culture of

---

[1] The only sentence in Plaintiffs' Motion that plausibly addresses the merits of Third Coast's Motion for Summary Judgment is the following: "The alleged exclusion for a 'historic building' important to the history, architecture, or culture of New Ulm the nearest town [sic] has to be narrowly construed in favor of coverage." (Doc. No. 13 at 7) (citing *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991)). With that principle in mind, the Court still reaches the same result—in favor of Third Coast—based on the unambiguous policy provision and uncontroverted evidence.

any area by any local, state, or federal government entity, including but not limited to homes and monuments.

(Doc. No. 6-1 at 21). Third Coast has submitted evidence, uncontroverted by Plaintiffs, that the residence in question, located at 3373 Skalak Road in New Ulm, is designated as a historic site by the Texas Historical Commission and has been since 1965. (Doc. No. 6-3). Indeed, Plaintiffs admit as much in this suit. *See* (Doc. No. 1-4 at 2) (referring to their residence as "their historic home on their property situated at 3373 Skalak Road"). The undisputed evidence also shows that in the original suit against Correa Construction, too, Plaintiffs admitted that the property that was allegedly damaged was "an old farmhouse . . . built by one of the first Czech settlers in Texas, Josef Lesikar, that is a Recorded Texas Historic Landmark . . . at 3373 Skalak Road." (Doc. No. 6-2 at 1). Further, Plaintiffs' counsel wrote a memorandum to Third Coast's counsel, stating that "[his] clients purchased a historic home with a Historical Marker placed by the State of Texas." (Doc. No. 6-4 at 6).

The policy exception to historic buildings, combined with the undisputed and incontrovertible evidence and Plaintiffs' own admission that the property is a building or property deemed historic by the state government, leads to the inescapable conclusion that any alleged damage caused by Correa Construction in Plaintiffs' home is not covered by the insurance. As such, the Court correctly granted Third Coast's Motion for Summary Judgment.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion for Relief from Judgment and Motion for Rehearing is **DENIED**.

Signed on this __24__ day of January 2025.

Andrew S. Hanen
United States District Judge